**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MARKQUETTE RAJON COWAN,** | : | **CRIMINAL NO. 23-CR-379 (ABJ)** |
| also known as "Quette," | : | |
| also known as "Lil Why," | : | |
| | : | |
| **CHRISTOPHER JORDAN BROADY,** | : | |
| also known as "Suave," | : | |
| also known as "Swerve," | : | |
| | : | |
| **JOSHUA NICHOLAS STEPHENSON,** | : | |
| also known as "Migo," | : | |
| also known as "3igo," | : | |
| | : | |
| **LARRY DUNCAN,** | : | |
| also known as "Larry Love," | : | |
| also known as "Love," | : | |
| | : | |
| | : | |
| | : | |
| **Defendants.** | | |

**UNITED STATES' AMENDED MOTION FOR**
**ADDITIONAL COURTROOM SECURITY MEASURES DURING TRIAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia and undersigned counsel, files this amended motion moving the Court to implement additional courtroom security measures during the testimony of civilian witnesses. This amended motion is filed in response to the Defendants' Joint Opposition to the Government's Motion for Additional Courtroom Security Measures. Dkt. # 308. The United States agrees with the request set forth in Defendants' motion. Accordingly, the United States submits the Amended Motion, and attached order, modifying the proposed language by deleting the requirement that excepted individuals be seated at counsel table:

1

1. <u>Prohibition on Cellular Devices in the Courtroom</u> – Once jury selection is completed and the trial begins, no cellular telephones, laptop computers, tablets, or other devices capable of sending and receiving messages, except those belonging to counsel of record, the case agent, investigator(s), and paralegals for the United States, and paralegals for each of the defendants, will be permitted inside the courtroom during trial.

2. <u>Prohibition on Electronics Use by the Defendants</u> – The Defendants must not be permitted to use, possess, or have unfettered access to cellular telephones, laptop computers, or any other device capable of sending or receiving messages. The devices brought into the courtroom by the defense team must remain within the sole custody and control of the defense team at all times.

As grounds for this motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on the motion.

## BACKGROUND

Jury selection in this case is set to begin on July 6, 2026, with trial anticipated to last at least four weeks once testimony begins. As the Court is aware, the United States intends to call three cooperating witnesses to testify at trial. These cooperating witnesses have been subjected to threats and violence based on the understanding that they are cooperating in this case and have credible fear for their safety.

## ARGUMENT

As the Court is aware, the United States has taken every possible measure to ensure, and maintain, the safety of its cooperating witnesses given the violent nature of the street crew to which they belonged and the specific desire for revenge against cooperators espoused by its members.

Meanwhile, in both Case Numbers 23-CR-379 and related case 22-CR-303, Court proceedings have been interrupted by: ringing cell phones in Courtroom 25A on numerous occasions, an outburst from the gallery in Courtroom 5 on April 18, 2023, publication of discovery documents on Instagram in violation of the Protective Order (See Case Number 22-CR- 303, Dkt. # 82), and at least one instance of a recorded Initial Appearance in Courtroom 7.  The United States learned of the latter instance when Defendant Isjalon Armstead, also known as "Smaut," was arrested and his cellular telephone was seized.  In reviewing the digital extraction of Armstead phone, FBI agents discovered a recording of Defendant Markquette Cowan's initial appearance on September 18, 2023.  The video was transmitted to Armstead – who was, at the time, a fugitive in Case Number 23-CR-315-2, by Cowan's girlfriend.  Though muffled, United States Magistrate Judge Meriweather's voice can be heard on the video advising Cowan of the charges against him.   A screen capture of the video as well as the transmission log are pictured below.



Though undersigned counsel has every confidence in the ability of Deputy U.S. Marshals  and Court Security Officers to maintain order in the Courtroom, the United States believes that the

vehemence with which the defendants and their fellow crewmembers have attempted to identify the United States' witnesses, with the stated intent of punishing them, weighs in favor of increased Courtroom security during trial.

The Sixth Amendment guarantees a defendant the right to a public trial. This guarantee, however, is not absolute and is subject to certain limitations. In Waller v. Georgia, the Supreme Court noted the presumption of an open courtroom can be overcome if: 1) there is an overriding interest based on findings that a closure is essential to preserve a higher value; 2) the closure is narrowly tailored to protect that interest; 3) the trial court considers reasonable alternatives; and 4) the trial court makes findings that the closure was proper. 467 U.S. 39, 45 (1984). Notably, when the Court places requirements on those seeking to enter the courtroom, rather than closing it entirely, the Waller overriding interest standard is relaxed to a substantial interest standard. See United States v. Farmer, 32 F.3d 369, 371 (8th Cir. 1994); Woods v. Kuhlmann, 977 F.2d 74, 76 (2d Cir. 1992); United States v. Sherlock, 962 F.2d 1349, 1357 (9th Cir. 1989); Nieto v. Sullivan, 879 F.2d 743, 753 (10th Cir. 1989); Douglas v. Wainwright, 739 F.2d 531, 533 (11th Cir. 1984).

Federal Courts have upheld a partial closure of a courtroom that required spectators to identify themselves as an appropriately narrow means to prevent and curtail witness intimidation. See United States v. Eldridge, 860 Fed. App'x 773, 777 (2d Cir. 2021) (requiring identification by all spectators was reasonable where there was evidence of spectators orchestrating threats against witnesses); United States v. Tones, 759 F. App'x 579, 586 (9th Cir. 2018) (holding that trial court did not violate Sixth Amendment right to a public trial by excluding a co-defendant and associates from the courtroom after a threatening gesture was made toward a testifying witness); United States v. DeLuca, 137 F.3d 24, 35 (1st Cir. 1998) (upholding trial court's requirement that spectators provide name, address, and date of birth as "reasonably designed" to address witness intimidation efforts); United States v. Hernandez,

4

608 F.2d 741, 747-48 (9th Cir. 1979) (upholding partial closure to protect witness from harassment and physical harm).

Here, requiring that spectators do not bring cell phone and similar devices into the courtroom is justified and this approach is sufficiently narrow designed to deter witness intimidation. First, the requirement does not prohibit spectators from observing the trial, it merely prevents them from recording it. An individual who elects not to bring their cell phone into the Courthouse will be unaffected by this safety measure. Second, it puts spectators on notice that "their courtroom conduct [will be] be closely monitored, thereby efficiently focusing the desired deterrent effect principally upon those most likely to impede a fair and orderly trial." DeLuca, 137 F.3d at 35; see also United States v. Smith, 426 F.3d 567, 573-74 (2d Cir. 2005).

Given the threats that have already been made and the documented instances of videotaping and courtroom outbursts, the United States respectfully submits that interests of justice weigh in favor of implementing increased security procedures in advance of trial. The requested safety measures are narrowly tailored and specifically directed at preventing and curtailing witness intimidation. Moreover, these safety measures will allow the parties and the Court to focus on the trial rather than having to be on the lookout for potential issues amongst the spectators. See United States v. Brazel, 102 F.3d 1120, 1156 (11th Cir. 1997) (finding that a judge cannot attend to all of their duties while simultaneously observing the spectators to ascertain any witness intimidation and other measures to deter such intimidation are justified).

5

## CONCLUSION

WHEREFORE, the United States respectfully requests that this Amended Motion Requesting

Additional Security Measures During Trial be GRANTED.


JEANINE FERRIS PEIRRO
UNITED STATES ATTORNEY

By:    /s/ Matthew P. Mattis___
Matthew P. Mattis
Emma McArthur
Alyssa Levey-Weinstein
Assistant United States Attorneys
601 D Street N.W.
Washington, D.C. 20004
(202) 252-0847
matthew.mattis@usdoj.gov
